Filed 7/13/15  P. v. Sarabia CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>XAVIER SARABIA,<br><br>    Defendant and Appellant. | 2d Crim. No. B254410<br>(Super. Ct. No. VA128188-01)<br>(Los Angeles County) |

Xavier Sarabia appeals his sentence following his conviction for attempted second degree robbery (Pen. Code, §§ 664, 211)[1] (count 1), with a jury finding that he personally used a deadly weapon, a knife (§ 12022, subd. (b)(1)).  The jury also convicted him of carrying a dirk or dagger (§ 21310), a felony (count 2).  The trial court imposed an aggregate sentence of 10 years.  For count 1, it sentenced Sarabia to two years in prison, it doubled it to four years because of a prior strike, and it added a one-year consecutive sentence for the personal use of a deadly weapon enhancement. (§ 12022, subd. (b)(1).)  It added a consecutive five years for a prior serious felony conviction.  (§ 667, subd (a).)  For count 2, the court imposed a two-year sentence to run concurrently with count 1.

We conclude, among other things, that the trial court did not err by not staying the personal use of a knife sentence pursuant to section 654.  We affirm.

---

[1] All statutory references are to the Penal Code.

FACTS

On the evening of January 6, 2013, Hector De La Cruz was in his car which was parked on the street. He was talking on his cell phone.

Sarabia approached the car and asked De La Cruz if he could use the phone. De La Cruz agreed. Sarabia used the phone, returned it to De La Cruz, walked away and "crossed the street."

De La Cruz made another phone call from his vehicle. Sarabia came back and approached De La Cruz's car again. He told De La Cruz to "get out of the car and put the keys on top of the hood." Sarabia was holding a knife. De La Cruz was frightened. He drove away and started looking for police officers.

Twenty minutes after the attempted robbery, De La Cruz "flagged down" a patrol car. De La Cruz got into the police car. They "drove downtown looking for the described suspect." De La Cruz saw Sarabia at a pay phone.

The police approached and apprehended Sarabia while he was making a call at that pay phone. Officer John Almeria testified they patted Sarabia down and discovered that he was wearing the knife "in his waistband." Almeria described the method Sarabia used to conceal the weapon. He said it was located on Sarabia's right "upper thigh, . . . tucked in underneath his pants." Sarabia's "shirt was over the knife concealing it."

## DISCUSSION

### *Section 654*

Sarabia contends the trial court imposed an unauthorized sentence. He claims that 1) the "prison sentence enhancement for personally using a knife should have been stayed, pursuant to Penal Code section 654"; 2) the "finding that [Sarabia] personally used a knife during the attempted robbery and the conviction for carrying a concealed knife are duplicative"; and 3) they were "part of a single and indivisible course of conduct." We disagree.

Section 654 protects a defendant from receiving unauthorized multiple punishment. "Whether section 654 applies in a given case is a question of fact for the

2

trial court, which is vested with *broad latitude* in making its determination." (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143, italics added.) "[C]onduct evidencing different intents constitutes separate and divisible acts within the meaning of section 654 and is subject to multiple punishment even if the crimes share common acts or were parts of an otherwise indivisible course of conduct." (*People v. Flores* (2005) 129 Cal.App.4th 174, 186.)

"Case law establishes the guidelines for applying section 654 in the context of a conviction for possession of a prohibited weapon." (*People v. Wynn* (2010) 184 Cal.App.4th 1210, 1217.) "'"[W]here the evidence shows a possession distinctly antecedent and separate from the primary offense, punishment on both crimes has been approved."'" (*Ibid.*)

Courts have established a rule for the application of section 654 in cases involving robbery and possession of the weapon used in that crime. Section 654 "does not prohibit separate punishments" in cases where the "defendant's possession of the weapon was *not merely simultaneous* with the robberies, *but continued before, during and after those crimes*." (*People v. Ratcliff* (1990) 223 Cal.App.3d 1401, 1413, italics added.) We must draw all reasonable inferences in support of the judgment. (*People v. Tarris* (2009) 180 Cal.App.4th 612, 626-627.)

Sarabia claims there is no evidence that he possessed the knife before he committed the attempted robbery.

The People contend Sarabia possessed it before, during and after that crime. Courts have applied section 654 "where the evidence shows that the [weapon] came into the defendant's possession *fortuitously 'at the instant of committing another offense . . . .'*" (*People v. Jones*, *supra*, 103 Cal.App.4th at p. 1145, italics added.) That is not the case here. The trial court could reasonably infer Sarabia had the knife when he first approached De La Cruz to use his phone. It is undisputed that Sarabia had the knife when he approached De La Cruz the second time to attempt the robbery. De La Cruz did not see the knife when Sarabia first approached him. But the court could reasonably infer

3

he was carrying it at that time from Almeria's testimony. He described Sarabia's method of wearing his knife concealed in his waistband.

Sarabia makes no showing how he could have obtained the knife in the interval between his use of De La Cruz's cell phone and the attempted robbery. There was testimony that Sarabia only "stepped away from the vehicle *momentarily* and then went back to the driver's side window" to attempt the robbery. (Italics added.) Given that very short interval and the evidence about his method of wearing the knife in his waistband, a reasonable inference is that Sarabia had the weapon with him when he first approached De La Cruz. "[S]ection 654 is inapplicable when the evidence shows that the defendant arrived at the scene of his or her primary crime already in possession of the [weapon]." (*People v. Jones*, *supra*, 103 Cal.App.4th at p. 1145.) "That [defendant] did not possess the weapon for a lengthy period before commission of the primary crime is not determinative." (*Id*. at pp. 1147-1148.)

The People also contend Sarabia's possession of the knife "was not merely simultaneous" with the attempted robbery because it continued after that crime. (*People v. Ratcliff*, *supra*, 223 Cal.App.3d at p. 1413.) We agree. Sarabia was still in possession of the knife when he was arrested a substantial period of time after the attempted robbery. It took De La Cruz 20 minutes to flag down a patrol car and start the search for Sarabia. Sarabia concedes he "was discovered with the knife one and one-half (1 1/2) hours after the crime occurred."

The trial court could reasonably find the attempted robbery and Sarabia's possession of the knife at the time of his later arrest were separate offenses which could be separately punished. In *People v. Alvarado* (1982) 133 Cal.App.3d 1003, 1029, defendant claimed he could not be sentenced for both attempted robbery and possession of the shotgun used in that crime consistent with section 654. The Court of Appeal said, "There is no merit to his claim. [Defendant] conveniently overlooks the fact that the evidence showed him *still in possession of the weapon* several hours after the crimes." (*Alvarado*, at p. 1029, italics added.) It concluded, "This act of possession was indisputably an act separate in time from the other crimes and thus justified separate

4

convictions and separate punishments." (*Ibid.*; see also *People v. Garcia* (2008 ) 167 Cal.App.4th 1550, 1565 [defendant's intent to use the weapon to commit robberies was different from his intent to continue to possess it when he was stopped by police 18 minutes after the robberies].)

Sarabia cites *People v. Cruz* (1978) 83 Cal.App.3d 308 and contends his subsequent possession of the knife was merely incidental to the prior attempted robbery. We disagree. In *Cruz*, the defendant was convicted of using a firearm while committing assaults and possession of a firearm by a felon. The defendant fired shots hitting a doorman at a bar. He "fled and was chased by the manager of the bar." (*Id.* at p. 314.) "During the chase, defendant turned and twice pointed the gun towards the manager. . . . A short time later defendant was captured by police officers. The handgun used in the shootings, apparently thrown by defendant during the chase, was recovered." (*Ibid.*) The Court of Appeal held "defendant's possession during flight was only incidental to the primary objective, the assaults." (*Id.* at p. 333.)

But unlike *Cruz*, Sarabia was not "in possession during flight" and he did not use the weapon to attempt to escape. He did not abandon the weapon to cover up the evidence of the prior crime. He was simply standing and using a public pay phone. His possession of the knife at this time was not connected to or incidental to the prior attempted robbery. As the People note, "[A]fter De La Cruz drove away, the attempted robbery was over." Consequently, Sarabia's possession of the knife at this time was not to rob De La Cruz or take a vehicle which was no longer at the scene. He possessed it for a different purpose as shown by his concealment of the knife in his waistband and his presence at a public place at a time remote from the attempted robbery. The trial court could reasonably infer his wearing the concealed knife in public an hour and a half after the prior crime showed his intent to keep the knife with him wherever he went, no matter what he was doing.

That constitutes a separate intent to possess which is different from the intent to use the knife to attempt a robbery. (*People v. Ratcliff*, *supra*, 223 Cal.App.3d at p. 1411 ["'Possession of the gun constituted one offense, and this was an act separate and

5

apart from any use that was made of the gun'"].) "[C]onduct evidencing different intents constitutes separate and divisible acts within the meaning of section 654 . . . ." (*People v. Flores*, *supra*, 129 Cal.App.4th at p. 186.) Sarabia has not shown why the court could not find his possession of the knife involved much more than "possession *fortuitously 'at the instant* of committing [the attempted robbery] . . . .'" (*People v. Jones*, *supra*, 103 Cal.App.4th at p. 1145, italics added.) There was no error.

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.

We concur:


YEGAN, J.


PERREN, J.

6

John A. Torribio, Judge

Superior Court County of Los Angeles

_____

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Chung L. Mar, Garett A. Gorlitsky, Deputy Attorneys General, for Plaintiff and Respondent.